IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

HIEN THAI,

Petitioner,

v.

MARKWAYNE MULLIN, Secretary of the Department of Homeland Security; TODD BLANCHE, United States Attorney General; DAVID VENTURELLA, Acting Director of United States Immigration and Customs Enforcement; DAVID EASTERWOOD, St. Paul Field Office Director; and, KEVIN SCHNEIDER, Polk County Sheriff;

Respondents.

**No. 4:26-cv-00387-RGE-WPK**

**ORDER TO SHOW CAUSE**

Petitioner Hien Thai commences this action against Respondents Markwayne Mullin, Todd Blanche, David Venturella, David Easterbrook, and Kevin Schneider. Pet. Writ Habeas Corpus, ECF No. 1. In this habeas corpus petition, Thai alleges he was arrested and is being detained by Respondents who "failed to comply with [certain statutes and regulations] prior to redetaining [Thai], thereby depriving [Thai] of his constitutional right to due process." *Id.* ¶ 27; *see also id.* ¶¶ 42–45. Thai requests the Court issue an order to show cause as to whether Thai is being detained in violation of due process. Pl.'s Mot. TRO ¶ 3, ECF No. 2. He also moves for an order requiring Respondents to immediately release him from custody. ECF No. 1 ¶ 40.

Thai's immigration history is set forth in the Court's prior rulings in his related case—*Thai v. Mullin*, No. 4:26-cv-00181-RGE-WPK (S.D. Iowa). Since those rulings were filed, Thai was re-detained on September 15, 2026, "with plans to transfer him to the Polk County Jail" in Des Moines, Iowa. *Id.* ¶ 8.

The Court has jurisdiction over a habeas petition pursuant to 28 U.S.C. § 2241. *See Zadvydas v. Davis,* 533 U.S. 678, 687–88 (2001). Section 1252(g) does not preclude the Court

from reviewing the legality of Thai's detention. *See* 8 U.S.C. § 1252(g); *Reno v. Am.-Arab Anti-Discrimination Comm.,* 525 U.S. 471, 482 (1999) (limiting the jurisdiction-stripping provision of § 1252(g) to "three discrete actions:" the "'decision or action' to 'commence proceedings, adjudicate cases, or execute removal orders'" (quoting 8 U.S.C. § 1252(g)) (emphasis removed)).

Thai asserts his arrest and detention violate his rights because "[f]ederal statutes and regulations require ICE to follow certain procedures before they redetained [Thai]" and "ICE failed to comply with these laws prior to redetaining [Thai], thereby depriving [Thai] of his constitutional right to due process." *Id.* ¶ 27.

The Fifth Amendment guarantees no citizen or noncitizen may be deprived of life, liberty, or property without due process of law. U.S. Const. amend. V; *see Zadvydas,* 533 U.S. at 690. Civil detention violates due process unless nonpunitive purposes, such as ensuring future appearances at immigration proceedings or preventing danger to the community, outweigh an individual's interest in avoiding restraint. *See Zadvydas,* 533 U.S. at 690–91. There is no indication on the face of Thai's Writ whether Respondents had a valid purpose for re-detaining Thai or whether Respondents complied with the applicable statutes and regulations consistent with the due process requirements of the Fifth Amendment. *See generally* ECF No. 1.

Additionally, the Court may "employ procedures necessary" to maintain proper jurisdiction over an action and to "promote the resolution of issues in a case properly before it." *ITT Cmty. Dev. Corp. v. Barton*, 569 F.2d 1351, 1359 (5th Cir. 1978) (stating the All Writs Act and procedures undertaken pursuant to the Act properly "aid[s] the court in the exercise of its jurisdiction" when the procedures "facilitate[e] . . . the court's effort to manage the case to judgment"); *see* 28 U.S.C. § 1651. In order to maintain proper jurisdiction in this matter, the Court enjoins Respondents from moving Thai outside of the Southern District of Iowa.

For the foregoing reasons,

**IT IS ORDERED** that Respondents Markwayne Mullin, Todd Blanche, David Venturella, David Easterbrook, and Kevin Schneider are directed to show cause why Petitioner Hien Thai is not being unlawfully detained. For good cause, Respondents shall submit to the Court briefing and supporting evidence by no later than 12:00 p.m. on September 18, 2026. Failure to file a response may result in sanctions by the Court, up to and including immediate grant of Thai's requested relief.

**IT IS FURTHER ORDERED** that a Show Cause Hearing is set for September 21, 2026, at 11:00 a.m. By no later than 12:00 p.m. on September 18, 2026, the parties shall file exhibit and witness lists and exhibits. The Court expects the Government's witness list to include ICE Officer J. Palmer. The parties shall also each provide the Court with a tabbed, three-ring binder containing copies of all of that party's exhibits by no later than 12:00 p.m. on September 18, 2026. The binder shall be delivered to Judge Ebinger's chambers in Des Moines, Iowa.

**IT IS FURTHER ORDERED** that Petitioner Hien Thai's personal appearance is required at the September 21, 2026 Show Cause Hearing. The Federal Respondents are responsible for making the necessary arrangements for Thai's personal appearance.

**IT IS FURTHER ORDERED** that Respondents Markwayne Mullin, Todd Blanche, David Venturella, David Easterbrook, and Kevin Schneider and each of their agents, attorneys, and all those in active concert or participation with them, are enjoined from moving Petitioner Hien Thai outside of the Southern District of Iowa during the pendency of the habeas proceedings.

**IT IS FURTHER ORDERED** that counsel for Federal Respondents is responsible for ensuring all necessary agents are informed of this order.

**IT IS SO ORDERED**.

Dated this 15th day of September, 2026.

REBECCA GOODGAME EBINGER
UNITED STATES DISTRICT JUDGE