IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| HIEN THAI,<br><br>Petitioner,<br>v.<br><br>MARKWAYNE MULLIN, in his official capacity as Secretary of the Department of Homeland Security; TODD BLANCHE, in his official capacity as United States Attorney General; DAVID VENTURELLA, in his official capacity as Acting Director of United States Immigration and Customs Enforcement; DAVID EASTERWOOD, in his official capacity as St. Paul Field Office Director; and, KEVIN SCHNEIDER, in his official capacity as Polk County Sheriff,<br><br>Respondents. | **No. 4:26-cv-00387-RGE-WPK**<br><br>**ORDER DENYING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS** |

## I. INTRODUCTION

Petitioner Hien Thai commences this action against Respondents Markwayne Mullin, in his official capacity as Secretary of the Department of Homeland Security; Todd Blanche, in his official capacity as United States Attorney General; David Venturella, in his official capacity as Acting Director of United States Immigration and Customs Enforcement (ICE); David Easterwood, in his official capacity as St. Paul ICE Field Office Director; and Kevin Schneider, in his official capacity as Polk County Sheriff. Pet. Writ Habeas Corpus, ECF No. 1. In this habeas corpus petition, Thai alleges Respondents violated his due process rights by not following regulations for revocation of an order of supervision. *Id.* ¶ 9.

After a hearing and full review of the record, the Court concludes Thai's petition for a writ of habeas corpus must be denied.

## II. BACKGROUND

### A. Procedural Background

On September 15, 2026, Thai filed both a petition for writ of habeas corpus and a motion for a temporary restraining order seeking to stop Respondents from removing him from the district. ECF No. 1; Pet'r's Mot. TRO, ECF No. 2. The Court ordered Respondents to show cause as to why Thai was not being unlawfully detained and required Thai be kept in the jurisdiction during the pendency of this matter. Order to Show Cause, ECF No. 5. Federal Respondents—Mullin, Blanche, Venturella, and Easterwood—filed their response on September 18, 2026. Fed. Resp'ts' Resp. Pet. Habeas Corpus, ECF No. 18. Thai replied. Pet'r's Reply Supp. Pet. Habeas Corpus, ECF No. 21. State Respondent—Schneider—also filed a response. State Resp't's Resp. Pet. Writ Habeas Corpus, ECF No. 9. Thai did not reply.

The Court held a hearing on September 21, 2026. Show Cause Hr'g Mins., ECF No. 23. Counsel for Federal and State Respondents appeared, as well as counsel for Thai. Counsel for State Respondent stated Schneider took no position on the matter. *Id.* At the hearing, the Court admitted into evidence all exhibits offered by Thai and the Government[1] without objection. Show Cause Hr'g Ex. List, ECF No. 23-1. Neither the Government nor Thai called witnesses. ECF No. 23. Counsel for Thai and the Government argued in support of their respective positions. *Id.*

### B. Factual Background

The Court briefly summarizes the uncontested facts relevant to Thai's current habeas petition. Thai is a native and citizen of Vietnam. ECF No. 1 ¶ 3. He entered the United States in 1992 and became a lawful permanent resident. *Id.* Thai was convicted of terrorism and murder in the second degree in Polk County, Iowa. *See State v. Thai*, 575 N.W.2d 521, 523 (Iowa Ct. App.

---

[1] The Court refers to all Federal Respondents—Mullin, Blanche, Venturella, and Easterwood—collectively as "the Government."

1997). As a result, Thai was ordered removed from the United States and received his final order of removal on September 10, 2003. ECF No. 1 ¶ 3. Thai completed his Iowa state sentence on March 21, 2013, and ICE took custody of him to await deportation. *Id.* ICE released Thai after ninety days and placed him on an order of supervision because his removal to Vietnam was not significantly likely in the reasonably foreseeable future. *Id.*

**1. June 2026 redetention and release**

Thai was redetained on January 15, 2026, and placed in the Polk County Jail in Des Moines, Iowa. ECF No. 1 ¶ 3. Thai filed a petition for a writ of habeas corpus on April 22, 2026, alleging violation of his due process rights because of continued confinement under *Zadvydas*[2] and ICE's failure to adhere to the applicable regulations in revoking his release on supervision. Order Granting Pet'r's Writ Habeas Corpus, *Thai v. Mullin*, No. 4:26-cv-00181-RGE-WPK, ECF No. 22 (June 5, 2026 Order). During proceedings in June 2026, the Government did not make explicit whether Thai's release on supervision in 2013 was in accordance with 8 C.F.R. §§ 241.4 or 241.13. June 5, 2026 Order at 14. Despite shortcomings in the record, the Court concluded Thai was released pursuant to § 241.13. *Id.* at 16. Finding Thai's continued confinement unlawful, the Court granted his immediate release on June 5, 2026. *Id.* at 25–26. ICE placed Thai on an order of supervision upon release and ordered him to check-in at ICE offices on September 15, 2026. ECF No. 1 ¶ 5.

**2. September 2026 redetention**

On September 15, 2026, Thai reported to the Des Moines ICE Office as required and was

[2] "[T]he Due Process Clause applies to all 'persons' within the United States . . . whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 679 (2001). Following a final order of removal, *Zadvydas* prohibits detention longer than six months where there is no significant likelihood of removal in the reasonably foreseeable future. *Id.* at 701.

taken into custody. Fed. Resp'ts' Ex. I, ECF No. 17-9. ICE Officer Jason Palmer informed Thai the Government had secured travel documents for Thai to return to Vietnam. ECF No. 1 ¶ 7. Thai was provided with a written Notice of Revocation of Release (Notice) that indicated Thai's redetention had been revoked under 8 C.F.R. § 241.13(i) due to changed circumstances creating a significant likelihood of removal in the reasonably foreseeable future. Notice Revocation Release, Fed. Resp'ts' Ex. D, ECF No. 17-4. ICE listed securing travel documents as the change of circumstance. *Id.* at 1. The Notice was signed by Jessie Gonzalez, Removal Management Division Detention and Deportation Officer. *Id.* at 2. ICE conducted an informal interview with Thai to afford him an opportunity to respond to the reasons for revocation. Fed. Resp'ts' Ex. E, ECF No. 17-5. During the informal interview, Thai did not provide a written statement or any documents. *Id.* At present, Thai is detained in the Polk County Jail in Des Moines, Iowa. ECF No. 1 ¶ 12.

Additional facts are set forth below as necessary.

## III. LEGAL STANDARD

"Congress has granted federal district courts, 'within their respective jurisdictions,' the authority to hear applications for habeas corpus by any person who claims to be held 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Rasul v. Bush*, 542 U.S. 466, 473 (2004) (quoting 28 U.S.C. §§ 2241(a), (c)(3)). "[T]he writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. I, § 9, cl. 2). The district court's habeas jurisdiction includes challenges to immigration-related detention. *See Zadvydas*, 533 U.S. at 687–88. The district court's habeas jurisdiction also includes challenges to detention by noncitizens. *See id.*; *Jennings v. Rodriguez*, 583 U.S. 281, 292–96 (2018).

## IV. DISCUSSION

Thai asserts he is being unlawfully detained because ICE failed to adhere to the applicable

regulations in revoking his release on order of supervision. *See* ECF No. 1. Under the Due Process Clause of the Fifth Amendment to the United States Constitution, no person shall be "deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. "[T]he Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent."[3] *Zadvydas*, 533 U.S. at 693. Therefore, the Supreme Court "has held that the Due Process Clause protects a[] [noncitizen] subject to a final order of deportation." *Id.* at 693–94 (citing *Wong Wing v. United States*, 163 U.S. 228, 238 (1896)).

Following a final order to remove a noncitizen, "the Attorney General shall remove the [noncitizen] from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). Detention of a noncitizen beyond the removal period is permitted where the noncitizen is inadmissible, removable under certain statutory provisions, or "has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal." 8 U.S.C. § 1231(a)(6). However, even if an exception permits detention past the removal period, noncitizens may not be held indefinitely. *Zadvydas*, 533 U.S. at 689–90 (noting § 1231(a)(6) "does not permit indefinite detention"). The limitation on indefinite extensions of detention in *Zadvydas* stems from the recognition that "[f]reedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Id.* at 690.

To respect the statutory and due process limitations discussed above, the Government's ability to detain, release, and revoke the release of noncitizens subject to final removal orders is dictated by specific regulations, which Government agencies are required to follow. *United States*

[3] The relevant statutory provisions and some cases use the term "alien;" the Court uses the term "noncitizen."

*ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 265–68 (1954). Section 241 provides two paths for the Government to revoke the release of noncitizens beyond the removal period: 8 C.F.R. §§ 241.4 or 241.13. The requirements of 8 C.F.R. §§ 241.4 and 241.13 are grounded in the due process protections afforded to noncitizens under the Fifth Amendment, as the goal of civil detention must bear some rational relationship to the initial purpose for detention. U.S. Const. amend. V; *Zadvydas*, 533 U.S. at 689–90.

This Court previously found that the Government must comply with § 243.13 before redetaining Thai. June 5, 2026 Order at 16 ("The record makes clear Thai was placed on supervision in 2013 because there was no significant likelihood of Thai's removal in the reasonably foreseeable future, and the Government confirmed as such at the hearing, meaning Thai was placed on supervision pursuant to § 241.13 in 2013. Therefore, revocation of Thai's supervision must adhere to § 241.13(i)."). Because the Court has previously concluded the Government must comply with § 241.13, the Court analyzes Thai's redetention only under 8 C.F.R. § 241.13, considering the requirements of and compliance with this section in turn.

**A. Section 241.13 Requirements**

Section 241.13 establishes procedures governing detention, release, and revocation of a noncitizen subject to a final removal order when "[ICE] makes a determination . . . that there is no significant likelihood of removal in the reasonably foreseeable future." 8 C.F.R. § 241.13(b)(1). Violation of conditions of release may result in revocation of a noncitizen's release. 8 C.F.R. § 241.13(i)(1). Under § 241.13, a noncitizen must request a determination from ICE, and ICE's determination must be memorialized in writing and provided to the noncitizen by mail. 8 C.F.R. § 241.13(c), (g).

A noncitizen's release may also be revoked if ICE, "on account of changed circumstances," determines "there is a significant likelihood that the [noncitizen] may be removed in the reasonably

foreseeable future." 8 C.F.R. § 241.13(i)(2). Only release "on account of changed circumstances" is at issue here. ECF No. 18 at 4. Section 241.13 places "the burden on ICE to first establish changed circumstances that make removal significantly likely in the reasonably foreseeable future." *Roble v. Bondi*, 803 F. Supp. 3d 766, 772 (D. Minn. 2025). The Government securing travel documents for a noncitizen subject to final removal amounts to a changed circumstance. *See Yee S. v. Bondi*, 806 F. Supp. 3d 894, 900–02 (D. Minn. 2025). Section 241.13 also requires the noncitizen be notified of the reasons for revocation of release and that ICE conduct an informal interview upon the noncitizen's return to custody. 8 C.F.R. § 241.13(i)(3). The notice of reasons for revocation and informal interview may happen contemporaneously. *Cf. Zang X. v. Blanche*, No. 0:26-cv-03870 (KMM/EMB), 2026 WL 2690221, at *2 (D. Minn. Sep. 14, 2026).

If there has been a determination that removal is not significantly likely in the reasonably foreseeable future, the Executive Associate Director of Enforcement and Removal Operations may authorize revocation when those circumstances change. ECF No. 1 ¶ 32. A Field Office Director, Deputy Field Office Director, or Assistant Field Office Director may also authorize revocation under those circumstances. Fed. Resp'ts' Ex. J at 2, ECF No. 17-10. Finally, an individual from the Removal Management Division (formerly ICE's Headquarters Post-Order Detention Unit) has authority to revoke release. ECF No. 17-4 at 2; ECF No. 18 at 3.

**B. Section 241.13 Compliance**

To comply with 8 C.F.R. § 241.13, the Government was required to provide Thai with 1) an initial determination, finding that "there is no significant likelihood of removal in the reasonably foreseeable future" requiring release on supervision; 2) a revocation determination, based on "changed circumstances" making Thai's removal in the reasonably foreseeable future significantly likely; and 3) notice of reasons for revocation and an informal interview upon return to custody. 8 C.F.R. § 241.13(b)(1), (i)(2), (i)(3). Finally, the Notice must have been authorized

by an official delegated revocation authority under 8 C.F.R. § 241.13.

Thai concedes he was not deprived of notice or an informal interview upon redetention. ECF No. 21 at 1. Thai instead argues the Government failed to make an initial determination under 8 C.F.R. § 241.13, as no determination that removal is not likely in the reasonably foreseeable future was initiated by him, made by a qualifying official, or memorialized in writing. ECF No. 1 ¶ 27(a), (b); ECF No. 21 at 4–6. At the hearing, the Government responded that the June 5, 2026 Order from this Court, finding that removal was not likely in the reasonably foreseeable future, was a qualifying determination that allowed redetention of Thai under § 241.13. Thai does not contest that ICE's receipt of travel documents is a changed circumstance. *See* ECF No. 21 at 4–7.

The Court does not agree that its determination of Thai's unlikelihood of removal satisfies the regulatory prerequisite. The Government points to no authority establishing that a court order finding removal was not reasonably foreseeable is a "determination" by the Removal Management Division under § 241.13. The Court declines to find that its intervention—over the Government's objection—to end Thai's unlawful detention in June 2026 allows ICE to take advantage of the less onerous revocation process of § 241.13. Fed. Resp'ts' Resp. Pet. Habeas Corpus 3, No. 4:26-cv-00181, ECF No. 10.

However, despite the Government's incorrect contention that the Court's June 5, 2026 Order amounted to a determination that removal was unlikely in the reasonably foreseeable future, the Court finds ICE made the requisite determination regarding likelihood of Thai's removal in 2013. During June proceedings, the Government did not make explicit whether Thai was released in 2013 under 8 C.F.R. § 241.4 or § 241.13. As a result, the Court reviewed the record, found Thai was placed on supervised release in 2013 because ICE had determined he was unlikely to be removed in the reasonably foreseeable future, and recognized that the initial determination in 2013 was pursuant to 8 C.F.R. § 241.13 despite procedural infirmities. June 5, 2026 Order at 14–16.

Turning next to the Government's revocation determination, asking whether "changed circumstances" existed, the Court decides the requisite finding was made. It is well-established that securing travel documents for a noncitizen subject to a final order of removal is a changed circumstance for purposes of 8 C.F.R. § 241.13. *See Yee S.*, 806 F. Supp. 3d at 900–02; *Dao v. Rios*, No. 2:26-cv-0370 JB/DLM, 2026 WL 1103119, at *4 (D.N.M. Apr. 23, 2026).

Finally, because the Government proceeded under 8 C.F.R. § 241.13 in revoking Thai's release, a Field Office Director, Deputy Field Officer Director, Assistant Field Office Director, or individual from the Removal Management Division was able to authorize revocation. ECF No. 17-10; ECF No. 17-4 at 2; ECF No. 18 at 3. The Notice was appropriately signed, as Gonzalez, a Removal Management Division Detention and Deportation Officer, held delegated revocation authority. ECF No. 17-4 at 2.

## V. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Petitioner Hien Thai's Petition for a Writ of Habeas Corpus, ECF No. 1, is **DENIED.** The Court's prior order that Thai was prohibited from being removed from the jurisdiction is withdrawn.

**IT IS SO ORDERED**.

Dated this 30th day of September, 2026.

REBECCA GOODGAME EBINGER
UNITED STATES DISTRICT JUDGE